# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CRIMINAL ACTION NO. 5:09-CR-00009-KDB-DCK

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | **ORDER** |
| DARWYN JAVAN ROBINSON, | |
| Defendant. | |

**THIS MATTER** is before the Court on Defendant Darwyn Javan Robinson's *pro se* Emergency COVID-19 Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) and Request for Appointment of Legal Counsel. (Doc. No. 221). Having carefully reviewed the Defendant's motion, exhibits, and all other relevant portions of the record, the Court will deny the motion without prejudice to a renewed motion properly supported by evidence and after exhaustion of Defendant's administrative remedies.

## I. BACKGROUND

In 2009, Defendant pled guilty to one count of conspiracy to distribute and to possess with intent to distribute cocaine base. (Doc. Nos. 68, 69, 147). He was sentenced to 120 months of imprisonment plus five years of supervised release. (Doc. No. 147). While serving his supervised release term, he committed two new law violations, left the judicial district without permission, failed to maintain lawful employment, and admitted to using cocaine. (Doc. No. 209, at 1-2). On January 8, 2020, the Court revoked Defendant's supervised release and sentenced him to an aggregate term of 15 months of imprisonment with two years of supervised release. (Doc. No. 218).

Defendant is a 30-year-old male confined at FMC Butner, an administrative security federal medical center. His projected release date is April 18, 2021. Defendant seeks appointment of counsel and to finish the balance of his federal sentence in home confinement. Defendant titles his motion, and the Court will construe his motion as, a request for a reduction in his sentence under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A). Defendant does not cite to any underlying medical conditions in support of his motion for a reduced sentence but claims that the conditions at Butner with the COVID-19 pandemic are so dire that it warrants his early release. He attaches a request for compassionate release made to the warden dated June 16, 2020.

## II. COMPASSIONATE RELEASE

A prisoner may bring a motion for compassionate release before the court only if he "has fully exhausted all administrative rights to appeal a failure" of the BOP to bring a motion on his behalf or if 30 days have passed since the warden received his request, "whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Courts are split over whether the exhaustion requirement is jurisdictional or is a "case processing" rule that can be waived. *Compare United States v. Brown*, No. CR 12-20066-37-KHV, 2020 WL 1935053, at *1 (D. Kan. Apr. 22, 2020) ("The requirement to exhaust administrative remedies or wait 30 days after the warden receives a request is jurisdictional.") *with United States v. Alam*, -- F.3d --, No. 20-1298, 2020 WL 2845694, at *2 (6th Cir. June 2, 2020) (holding that the administrative exhaustion requirement in 18 U.S.C. § 3582(c)(1)(A) is non-jurisdictional). The majority view is that the exhaustion requirement is a case processing rule. *See, e.g.*, *United States v. Smith*, No. 12 Cr. 133 (JFK), 2020 WL 1849748, at *2-3 (S.D.N.Y. Apr. 13, 2020) (collecting cases).

If the rule is not jurisdictional, then it can be waived, forfeited, or abandoned, and is otherwise subject to exceptions. *See United States v. Zukerman*, 16 Cr. 194 (AT), 2020 WL 1659880, at *3

(S.D.N.Y. Apr. 3, 2020); *United States v. Russo*, No. 16-cr-441 (LJL), 2020 WL 1862294, at *5 (S.D.N.Y. Apr. 14, 2020). These exceptions include "where it would be futile, either because the agency decisionmakers are biased or because the agency has already determined the issue, . . . where the administrative process would be incapable of granting adequate relief, . . . [or] where pursuing agency review would subject plaintiffs to undue prejudice." *Zukerman*, 2020 WL 1659880, at *3 (citing *Washington v. Barr*, 925 F.3d 109, 118-19 (2d Cir. 2019)). It is Defendant's burden to show that he has exhausted his remedies or that exhaustion would be futile. *See, e.g.*, *United States v. Bolino*, No. 06-cr-0806(BMC), 2020 WL 32461, at *1 (E.D.N.Y. Jan. 2, 2020) (requiring defendant to prove that the exhaustion requirement has been met).

Here, Defendant has not exhausted his remedies as required under 18 U.S.C. § 3582(c)(1)(A). While he attaches a request to the warden for compassionate release, his request is dated June 16, 2020. (Doc. No. 221, at 34-37). He filed this motion for compassionate release on June 19, 2020, only three days after making his request to the warden. Thus, Defendant has not exhausted his administrative remedies under the statute because 30 days have not lapsed since he submitted a request to the warden, and he has not exhausted any appeal of a denial by the BOP to bring a motion on his behalf.

Defendant does not argue that the administrative exhaustion requirement should be waived. However, even if he did, given that the warden had only three days to respond to Defendant's compassionate release request and the fact that Defendant does not allege or submit any medical records to show that any "catastrophic health consequences" make exhaustion futile or show that he would be unduly prejudiced if he had to wait to exhaust his administrative remedies, the Court finds that Defendant cannot show that the exhaustion requirement should be waived based on the

information alleged in this motion.[1] *See United States v. Fraction*, No. 3:14-CR-305, 2020 WL 3432670, at *7 (M.D. Pa. June 23, 2020) (finding the defendant did "not demonstrate any 'catastrophic health consequences' to make exhaustion futile or show that he could be unduly prejudiced if he had to wait to exhaust his administrative remedies with the BOP"). Thus, the Court will deny Defendant's motion for compassionate release without prejudice to a renewed motion properly supported by evidence and after exhaustion of his administrative remedies.

### III. APPOINTMENT OF COUNSEL

Defendant also moves for appointment of counsel to assist him with his compassionate release motion. (Doc. No. 221, at 3). There is no general constitutional right to appointed counsel in post-conviction proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *United States v. Williamson*, 706 F.3d 405, 416 (4th Cir. 2013). The Court has discretion to appoint counsel in proceedings under 18 U.S.C. § 3582(c) if the interests of justice so require. *See United States v. Legree*, 205 F.3d 724, 730 (4th Cir. 2000); *see also United States v. Reed*, 482 F. App'x 785, 786 (4th Cir. 2012); *cf.* 18 U.S.C. § 3006A (providing the interests of justice standard for appointment of counsel in similar post-conviction proceedings).

Defendant is seeking compassionate release due to risks associated with the COVID-19 pandemic, mainly due to the conditions at Butner and the high number of confirmed COVID-19 cases in the facility. Defendant, however, is capable of requesting compassionate release on this

---

[1] The Court acknowledges that Defendant is confined at FMC Butner, which is a medical center. However, Defendant does not allege that he suffers from any medical conditions in his motion and there is no indication that he suffers from any medical conditions (other than substance abuse) in the Presentence Report from March 2010 or in the petition for a warrant for his supervised release violations in 2019. (Doc. Nos. 113, ¶ 55-57; 209, at 4). In his Individualized Reentry Plan attached to his motion, it lists that Defendant was put in "COVID-19 Quarantine" on March 26, 2020, but it is unclear whether this was because Defendant tested positive for the virus, was exposed to it, or whether it was part of an institution-wide procedure. (Doc. No. 221, at 22). Defendant does not make any mention of this in his motion.

basis without the assistance of counsel, and Defendant has not otherwise established that the interests of justice require appointment of counsel in these circumstances at this time. Accordingly, the Court will deny the motion to the extent Defendant seeks appointment of counsel.[2]

### IV. CONSTITUTIONAL ISSUES

Finally, Defendant contends that the Eighth Amendment's prohibition against cruel and unusual punishment supports his motion. But Eighth Amendment protections and standards are not applicable to the compassionate release analysis under Section 3582(c). *See United States v. Butler*, No. 16-54-RGA, 2020 WL 3207591, at *3 (D. Del. June 15, 2020) (stating that defendant's contention that BOP officials have mishandled the COVID-19 crisis and are violating the inmates' Eighth Amendment rights does not provide a basis for compassionate release); *United States v. Statom*, No. 08-20669, 2020 WL 261156, at *3 (E.D. Mich. May 21, 2020); *United States v. Rodriguez-Collazo*, No. 14-CR-00387, 2020 WL 2126756, at *3 (E.D. Pa. May 4, 2020) ("Defendant contends that the current conditions at Elkton FCI violate his Fifth and Eighth Amendment rights. However, these claims—which the Court construes as challenging the execution of his sentence at Elkton FCI—are not properly brought in a motion for compassionate release[.]"); *United States v. Numann*, No. 3:16-CR-00025-TMB, 2020 WL 1977117, at *4 (D. Alaska Apr. 24, 2020) (explaining that "claims relating to the manner and conditions of confinement . . . are not properly brought in a motion for compassionate release").

---

[2] A number of courts have denied a motion for appointment of counsel as moot where the motion for compassionate release is denied due to the inmate's failure to exhaust his administrative remedies. *See, e.g.*, *United States v. Tutt*, No. 6:17-CR-040-CHB-1, 2020 WL 2573462, at *2 (E.D. Ku. May 21, 2020); *United States v. Bolze*, No. 3:09-CR-93-TAV-CCS-1, -- F. Supp. 3d --, 2020 WL 2521273, at *9 (E.D. Tenn. May 13, 2020); *United States v. Woolum*, No. 5:84-CR-21-TBR, 2020 WL 1963787, at *2 (W.D. Ky. Apr. 23, 2020).

To the extent that Defendant wishes to raise a claim that prison officials' deliberate indifference to his medical needs has resulted in an independent violation of his Eighth Amendment rights, he would need to do so in a lawsuit brought pursuant to *Bivens v. Six Unknown Named Federal Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), not in a compassionate release motion. A civil rights action under *Bivens* will not result in Defendant's immediate release, but rather is a private action for damages against federal officials alleged to have violated a citizen's constitutional rights. Therefore, to the extent Defendant is challenging the execution of his confinement and seeks immediate release from custody due to alleged Eighth Amendment violations, he should file a petition seeking habeas corpus relief under § 2241. That petition must be filed in the district of confinement. *See generally United States v. Little*, 392 F.3d 671, 679 (4th Cir. 2004) (holding that the district court in which the defendant filed his § 2241 was not the proper venue because it was not the district of confinement).[3]

## V. ORDER

**IT IS THEREFORE ORDERED** that Defendant's Emergency COVID-19 Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) and Request for Appointment of Legal Counsel, (Doc. No. 221), is **DENIED** without prejudice to a renewed motion properly supported by evidence and after exhaustion of his administrative remedies.

**SO ORDERED.**

Signed: July 6, 2020

Kenneth D. Bell
United States District Judge

---

[3] Defendant is confined at Butner, which is located in the Eastern District of North Carolina.