IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:09-CR-00009-KDB-DCK-1

| | | |
|---|---|---|
| USA | ) | |
| | ) | |
| v. | ) | <u>ORDER</u> |
| | ) | |
| DARWYN JAVAN ROBINSON | ) | |
| | ) | |

**THIS MATTER** is before the Court on Defendant Darwyn Javan Robinson's *pro se* Supplemental Emergency COVID-19 Motion for Reduction in Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) and the First Step Act of 2018. (Doc. No. 226). Having carefully reviewed the Defendant's motion and all other relevant portions of the record, the Court will deny the motion without prejudice to a renewed motion properly supported by evidence.

Section 603(b) of the First Step Act amended § 3582(c)(1)(A), which previously only allowed a court to reduce a term of imprisonment on motion of the Director of Prisons (BOP). Now a court may entertain a motion filed by a defendant: (1) after full exhaustion of all administrative rights to appeal a failure of the BOP to bring a motion on his behalf; or (2) after lapse of 30 days from the receipt of such a request by the warden of his facility, whichever is less.

Defendant filed a request for compassionate release with the warden on June 16, 2020, (Doc. No. 221, at 34-37), and submitted this current motion to the Court on July 17, 2020, stating that he received no response from the warden. Thereby a lapse of 30 days has occurred. However, the Defendant fails to state any underlying

medical conditions in support of his motion for a reduced sentence. The Court acknowledges that Defendant is confined at FMC Butner, which is a medical center. However, Defendant does not allege that he suffers from any medical conditions in his motion and there is no indication that he suffers from any medical conditions (other than substance abuse) in the Presentence Report from March 2010 or in the petition for a warrant for his supervised release violations in 2019. (Doc. Nos. 113, ¶ 55-57; 209, at 4). In his Individualized Reentry Plan attached to his prior motion, it lists that Defendant was put in "COVID-19 Quarantine" on March 26, 2020, but it is unclear whether this was because Defendant tested positive for the virus, was exposed to it, or whether it was part of an institution-wide procedure. (Doc. No. 221, at 22). Defendant does not make any mention of this in his motion.

**IT IS, THEREFORE, ORDERED**, that the Defendant's *pro se* Supplemental Emergency COVID-19 Motion for Reduction in Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), (Doc. Nos. 226), is **DENIED** without prejudice to a renewed motion properly supported by evidence.

**SO ORDERED.**

Signed: July 24, 2020

Kenneth D. Bell
United States District Judge